**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADAMS BOOK COMPANY, INC. | |
| Plaintiff, | |
| v. | Case No. _____ |
| HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY | |
| Defendant. | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 and 1441, defendant Houghton Mifflin Harcourt Publishing Company ("HMH"), by its undersigned attorneys, hereby removes this action (the "Action"), and all claims and causes of action therein, to this Court from the Supreme Court of the State of New York, County of Kings.[1]  As grounds for removal, HMH states as follows:

## BACKGROUND

1.      On or about June 26, 2014, Adams Book Company, Inc. ("Adams"), commenced this Action by filing an Order to Show Cause with Restraining Order and a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Kings, captioned *Adams Book Company, Inc. v. Houghton Mifflin Harcourt Publishing Company*, Case No. 505836/14 (N.Y. Sup. Ct. June 26, 2014) (the "Complaint") (attached hereto as Exhibit A).  The only defendant named in the Action is HMH.

---

[1] HMH does not waive, and expressly reserves, all rights, claims, and defenses, including without limitation, the right to seek a transfer of this action to the U.S. District Court for the District of Massachusetts pursuant to the exclusive venue provision in Section 18 of the parties' Digital Textbook License and Distribution Agreement (attached hereto as Exhibit C).

US_ACTIVE:\44511656\2\99980.1048

2.      On or about June 26, 2014, the Supreme Court of the State of New York, County of Kings, ordered that HMH show cause on July 2, 2014 why an Order granting a preliminary injunction should not be granted, and ordered Adams to effect good and sufficient personal service of a copy of its order and the affidavit upon which it was based upon HMH on or before June 27, 2014 (the "Order to Show Cause") (attached hereto as Exhibit B).

3.      In its Complaint, Adams seeks injunctive relief and the recovery of a minimum of $1,000,000 in damages from HMH.  Specifically, Adams alleges, among other things, that "[b]eginning in December 2012, HMH exercised economic duress and coercion over Adams and unilaterally changed the terms" of an alleged oral agreement pursuant to which Adams served as a reseller of K-12 school books published by HMH, and that the "changes are commercially unreasonable, anti-competitive and intended to drive Adams out of business and restrain competition."  (Ex. A, Complaint ¶¶ 10, 21)  Adams also alleges that Adams and HMH had a written agreement regarding the sale of K-12 electronic scholastic book files, and that on or around June 2014, HMH stopped accepting orders for electronic book files from Adams because Adams refused to sign form contracts for sales of print materials.  (*Id.* ¶¶ 10a, 18, 20)  Adams further alleges that "HMH's unfair business practices and anti-competitive actions include competing with Adams by wrongfully interfering with [Adams'] known customers by offering them a direct pricing scheme designed to eliminate Adams as a distributor and obtain an Adams customer." (*Id.* ¶ 26)  Adams also alleges that Adams has suffered and continues to suffer significant damages including "special and identifiable damages of $150,000" (*id.* at ¶ 77), and further "including special and compensatory damages in the minimum sum of $1,000,000, including costs and attorney's fees…." (*Id.* at ¶ 78)

US_ACTIVE:\44511656\2\99980.1048

4.      Adams asserts six causes of action for "breach of contract and the covenant of good faith and fair dealing," "tortious interference with contractual relations," "common law Unfair Business Practices and Unfair Competition," "violation of General Business Law Sec. 340 (Donnelly Act)," "injunctive relief," and "prima facie tort."  (*Id.* at ¶¶ 36-78)

## GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

5.      HMH is entitled to remove the Action under 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

6.      This Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1332, which provides that the "district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between – (i) citizens of different states."  Both of these requirements are present here.

7.      The Action concerns a dispute between citizens of different states. Complete diversity existed among the parties at the time that the Order to Show Cause and the Summons and Complaint were filed and continues to exist at the time this Notice of Removal is filed.  (*See* Ex. A, Complaint, at p. 1; Ex. B, Order to Show Cause at p. 1)

8.      At the time the Complaint and the Order to Show Cause were filed, and as alleged in the Complaint, Plaintiff Adams was, and it remains at the time of the filing of this Notice of Removal, a company organized pursuant to the law of New York with its principal

place of business in Kings County, New York, and is therefore a citizen of New York State.  (Ex. A, Complaint at ¶ 1)

9.      HMH is not a citizen of New York State, the state in which the Action was brought.   As Plaintiff acknowledges, HMH is a business entity organized under the law of Massachusetts.   (*Id.* at ¶ 2)   For purposes of diversity jurisdiction, a corporation has the citizenship of its place of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010); *Holmes v. Experian Information Solutions, Inc.*, 507 Fed. App'x 33, 34 (2d Cir. 2013); *Solomon v. Seimens Industry, Inc.*, 2011 WL 2837496, at *2 (E.D.N.Y. July 18, 2011).

10.     At the time the Order to Show Cause and Complaint were filed, HMH was, and it remains at the time of the filing of this Notice of Removal, a Massachusetts corporation, duly organized and existing under and by virtue of the laws of the State of Massachusetts with its principal place of business at 222 Berkeley Street, Boston, Massachusetts 02116, and is therefore a citizen of Massachusetts.  *See* Ex. A, Complaint at ¶ 2 (acknowledging HMH is a Massachusetts corporation); Ex. B, Order to Show Cause, Affirmation of Urgency of Laurence S. Warshaw at ¶ 5 (acknowledging HMH is headquartered in Boston); *see also id.* at Affirmation of Laurence S. Warshaw at ex. 1 (HMH Reseller Terms and Conditions stating that HMH is a "Massachusetts corporation with its principal address at 222 Berkeley Street, Boston, Massachusetts 02116").

11.     Adams' allegation that HMH has an office in New York and that it does business in New York is not controlling for the diversity jurisdiction analysis and does not defeat diversity jurisdiction in this Action.  *See Solomon*, 2011 WL 2837496, at *2 ("Even if Siemens did have "an office" in New York, that alone does not cause any of the Defendants to be a citizen

of New York for purposes of diversity jurisdiction); *see also* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 161 (2d Cir. 1998) (merely pleading that a corporation has an office in New York is "clearly insufficient" to establish citizenship of the state); *Utopia Studios Ltd. v. Earth Tech., Inc.*, 607 F.Supp.2d 443, 445 (E.D.N.Y. 2009) ("the fact that the parties' business dealings were all conducted in New York does not go to the salient question of where the company's [principal place of business is located]" for purposes of diversity jurisdiction).

12.     As alleged in the Complaint, the amount in controversy exceeds $75,000, exclusive of costs and interest.  The general federal rule is to decide what the amount in controversy is from the complaint itself, unless it appears that the amount stated in the complaint is not claimed in good faith.  *See Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961)); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) ("To determine whether that burden has been met, we look first to the plaintiffs' complaint . . . ."); *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957) ("Removability is determined by the allegations of the complaint if it sets up the amount in controversy . . . .").

13.     In the Complaint, Adams seeks damages from the Defendants "in the minimum sum of $1,000,000…."  (Ex. A, Complaint at p. 17)  Adams also alleges that HMH's actions "have caused the Plaintiff to incur special and identifiable damages of $150,000 and more according to proof").  (*Id.* at ¶ 77)  Adams further demands punitive and exemplary damages.  (*Id.* at p. 18)  Although HMH disputes the amounts and denies that Adams is owed any damages, Plaintiff has alleged that the amount in controversy is at least $75,000, exclusive of interest and costs.

US_ACTIVE:\44511656\2\99980.1048

14.     Because the grounds for removal under diversity jurisdiction are met, it is proper for this Court to accept and retain jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and removal of this action is thus proper pursuant to 28 U.S.C. § 1441.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

15.     Venue is proper in this Court because it is part of the "district and division embracing the place where" this action was filed – Kings County, New York.  28 U.S.C. § 1446(a).

16.     Removal is timely under 28 U.S.C. § 1446(b).  Adams filed the Summons and Complaint on June 26, 2014.  (*See* Ex. A, Complaint at p. 1.)

17.     Because HMH was served with the Summons and Complaint on June 27, 2014, HMH's time to respond has not expired.  HMH has not served or filed an answer or motion in response to the Complaint or the Order to Show Cause or otherwise appeared in the Action.  No motion or other proceeding other than the Order to Show Cause scheduling a hearing for July 2, 2014 (*see* Ex. B Order to Show Cause at p.1), is pending in the Action in the Supreme Court of the State of New York, County of Kings.

18.     In accordance with 28 U.S.C. Section 1446 and the Federal Rules of Civil Procedure, Defendant will promptly: (a) file a true and correct copy of this Notice of Removal with the clerk of the Supreme Court of the State of New York, County of Kings; (b) serve a true and correct copy of this Notice of Removal on all adverse parties (Adams); and (c) file with this Court a Certificate of Service of Notice to Adverse Parties of Removal to Federal Court.

19.     In accordance with 28 U.S.C. § 1446(a), HMH attaches a copy of the Summons and Complaint as Exhibit A hereto and a copy of the Order to Show Cause (and

US_ACTIVE:\44511656\2\99980.1048

annexed affidavits and affirmations to same) as Exhibit B hereto.  No other pleadings or orders have been served upon the Defendants.

20.    HMH reserves the right to submit additional evidence and argument as needed to supplement and support this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

BASED ON THE FORGOING, HMH hereby removes the Action from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York.

Dated: June 30, 2014
      New York, New York

          David. J. Lender
          Eric S. Hochstadt
          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          (212) 310-8000
          david.lender@weil.com
          eric.hochstadt@weil.com

          *Attorneys for Houghton Mifflin Harcourt*
          *Publishing Company*

US_ACTIVE:\44511656\2\99980.1048